**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARY COMANS[1]<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br>245 Murray Lane, S.W.<br>Washington, D.C. 20528-0655<br><br>and<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY<br>500 C Street, S.W.<br>Washington, D.C. 20024<br><br>Defendants. | * * * * * * * * * * * * * * * * * * * | Civil Action No: 25-________ |

* * * * * * * * * * * *

**COMPLAINT**

Plaintiff Mary Comans ("Ms. Comans") brings this action against the Department of Homeland Security ("DHS"), including its component the Federal Emergency Management Agency ("FEMA"), for the purposes of seeking declaratory relief as well as damages pursuant to the Privacy Act, 5 U.S.C. § 552a et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

Ms. Comans was unlawfully terminated from her position as a member of the Senior Executive Service ("SES") without cause or the due process required by law and the Constitution (and that specific action is separately being challenged before the Merit Systems Protection Board). The Defendants failed to undertake any process to enable Ms.

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate Notice of Filing.

Comans to appropriately respond before unlawfully retrieving and publicly disclosing information from a Privacy Act System of Records concerning her termination. Additionally, the Defendants falsely, deliberately and publicly portrayed Ms. Comans' actions in such a manner that third parties have asserted her conduct to have been criminal, which is defamation *per se*, thereby further contributing to the damages she has suffered.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552a(g) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. §§ 552a(g)(5) and 28 U.S.C. § 1391.

## PARTIES

3. Ms. Comans served as FEMA's Chief Financial Officer, an SES position she held since 2017, until she was unceremoniously terminated from her employment on February 11, 2025. Ms. Comans also served as FEMA's Chief Operating Officer from 2020 – 2021 and has over twenty years of federal service. Prior to her termination, Ms. Comans was an exemplary employee with absolutely no disciplinary history and had received "Achieved Excellence" ratings for every year that she served as an SES. Among the awards she received were the DHS Secretary's Award for Team Excellence, the DHS CFO's Award for Innovation in an Austere Budget Climate and the U.S. Coast Guard Public Service Commendation. She holds a Masters in National Resource Strategy, from the Dwight D. Eisenhower School for National Security & Resource Strategy, Fort

McNair, D.C., and a Master of Public Administration from New York University's Robert F. Wagner School of Public Service. Her Bachelor of Arts in Political Science is from Fordham University.

4. Defendant DHS is an agency of the United States as defined by 5 U.S.C. §§ 552a(a), (e), and subject to the jurisdiction of this Court. DHS is responsible for the actions of its component Defendant FEMA, both of which took unlawful actions against Ms. Comans.

**FACTS**

5. On February 11, 2025, without any warning, prior disciplinary history, or the statutory notice required by applicable laws as described below, Ms. Comans, a career member of the SES, received a Memorandum ("Termination Memorandum") from MaryAnn Tierney, Senior Official Performing the Duties of the Deputy Administrator, FEMA, which stated, in full:

> This is an official notice that, effective immediately, you are being removed from your position with the Federal Emergency Management Agency and from Federal service. This action is being taken pursuant to Article II of the United States Constitution, at the direction of the President. Article II, § 1 states that the executive Power "shall be vested in a President of the United States of America," and this termination is an exercise of that vested power.

6. That same day Defendant DHS publicly issued a press release falsely stating that Ms. Comans had been fired "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants." The release also noted that "[u]nder President Trump and Secretary Noem's leadership, DHS will not sit idly and allow deep state activists to undermine the will and safety of the American people." Because of the issuance of the press release and other steps undertaken by the Defendants, Ms. Comans'

actions were widely, publicly and falsely condemned as "illegal" and "criminal" by right-wing influencers, to include Elon Musk, on various social media platforms and news outlets, such as shown below:




7. As a member of the civil and Senior Executive services, Ms. Comans was entitled to procedural and substantive due process and her removal by the Defendants without such process was unlawful. Since President Trump's inauguration on January 20, 2025, an unprecedented number of federal employees with civil service protections, including Ms. Comans (and also the Special Counsel in the Office of Special Counsel, the Director of the Office of Government Ethics, and eighteen Inspector Generals from various federal agencies, to name just a few) have similarly been unlawfully terminated without cause or due process, as well as suffered harms under the Privacy Act through unlawful disclosures (including senior officials at the Federal Bureau of Investigation, for example).

8. Federal law entitled Ms. Comans to retain her employment except for a job-related reason. The grounds for dismissing members of the SES, such as Ms. Comans, are specified and limited by statute, including, but not limited to, 5 U.S.C. § 7543(a), which provides that "[u]nder regulations prescribed by the Office of Personnel Management, an agency may take an action covered by this subchapter against an employee only for misconduct, neglect of duty, malfeasance, or failure to accept a directed reassignment or to accompany a position in a transfer of function." None of those grounds were cited in the Termination Memorandum or are applicable to Ms. Comans.

9. Additionally, the Civil Service Reform Act sets the baseline expectation that a "career appointee may not be removed from the Senior Executive Service or civil service except in accordance with" five specified provisions. 5 U.S.C. § 3393(g). Section 3592(a)(2) allows a career SES employee to be removed only based on a finding of "less than fully successful executive performance as determined under subchapter II of chapter 43 of this title." *Id.* § 3592(a)(2). None of the five specified provisions were cited in the Termination Memorandum or are applicable to Ms. Comans.

10. The procedures that must be followed before terminating a member of the SES, such as Ms. Comans, are also governed by other statutes and regulations to include, but not limited to, 5 U.S.C. § 7543(b) and 5 C.F.R. §§ 752.601-.606. Those provisions clearly set forth the obligations the Defendants were required to follow before terminating Ms. Comans, which included:

> (1) at least 30 days' advance written notice, unless there is reasonable cause to believe that the employee has committed a crime for which a sentence of imprisonment can be imposed, stating specific reasons for the proposed action;

> (2) a reasonable time, but not less than 7 days, to answer orally and in writing and to furnish affidavits and other documentary evidence in support of the answer;
> (3) be represented by an attorney or other representative; and
> (4) a written decision and specific reasons therefor at the earliest practicable date.

5 U.S.C. § 7543(b). None of these protections were afforded to Ms. Comans before she was unlawfully terminated.

11. Upon information and belief, the Defendants (and the Executive Branch as a whole) view their authority to terminate federal employees to be absolute and not subject to any of the statutory protections set forth above, and do not view Ms. Comans as possessing any rights or remedies for which exhaustion of administrative processes is required. Nevertheless, to protect all rights and remedies that are or should normally be available to Ms. Comans, she is simultaneously filing a complaint with the Merit System Protection Board to specifically address her termination and due process claims. Importantly, President Trump's administration has already sought to affect the availability of remedial action by the MSPB by terminating the Chairwoman of the Board, although that action is currently the subject of separate litigation.

**FIRST CAUSE OF ACTION**
**PRIVACY ACT – 5 U.S.C. § 552a(b), (g)**

12. Ms. Comans repeats and realleges the allegations contained in paragraphs 5 through 11 above, inclusive.

13. Pursuant to 5 U.S.C. § 552a(b), no agency shall disclose any record which is contained in a system of records by any means of communications to any person, or to another agency, without prior written consent of the individual to whom the record pertains, with certain enumerated exceptions.

14. There is no exception that permitted Defendants DHS/FEMA to disseminate Privacy Act-protected information concerning Ms. Comans, and particularly that of her termination and allegations of unlawful conduct, to the news media or other unauthorized third parties.

15. Ms. Comans never provided Defendants DHS/FEMA with consent to disseminate information regarding the (erroneous) basis for her unlawful termination.

16. Pursuant to 5 U.S.C. § 552a(g)(1), Ms. Comans may bring a civil action against Defendants DHS/FEMA for the unauthorized dissemination of information contained in a system of records regarding the (erroneous) basis for her termination.

17. Pursuant to 5 U.S.C. § 552a(g)(4), Ms. Comans is entitled to monetary damages in an amount not less than $1,000, due to the intentional and willful dissemination of information by Defendants DHS/FEMA to the media and elsewhere in violation of 5 U.S.C. § 552a(b).

**SECOND CAUSE OF ACTION**
**PRIVACY ACT – 5 U.S.C. § 552a(e)(2), (g)**

18. Ms. Comans repeats and realleges the allegations contained in paragraphs 5 through 11 above, inclusive.

19. Defendants DHS/FEMA maintain records within one or more Privacy Act Systems of Records that pertain to Ms. Comans.

20. Defendants DHS/FEMA unlawfully caused Ms. Comans' employment with Defendant FEMA to be terminated and disseminated false and defamatory information, which had not been independently verified, throughout Defendants FEMA DHS and elsewhere within the federal government, that effectively stigmatized her and caused her employment with Defendant FEMA to be terminated.

21. Defendants DHS/FEMA willfully and/or intentionally terminated Ms. Comans' employment with Defendant FEMA in a manner that was derogatory to her reputation. The compiled information and conclusions were false, malicious, defamatory, incomplete, inaccurate, and untimely as to Ms. Comans, who was never provided an appropriate or effective opportunity to review or challenge any evaluation or determination that led to her termination.

22. Since Ms. Comans' termination, Defendants DHS/FEMA have failed to maintain Ms. Comans' records with such accuracy, relevance, timeliness and completeness as is reasonably necessary to denote the true basis for the termination of her employment with FEMA.

23. Defendants DHS/FEMA's failure to collect information directly from Ms. Comans resulted in adverse determinations concerning her rights, benefits, privileges, or opportunities in violation of 5 U.S.C. § 552a(e)(2) and (g)(1)(C).

24. Defendants DHS/FEMA, their employees and officers, knew or should have known that that their actions were improper, unlawful and/or in violation of the Privacy Act.

25. Defendants DHS/FEMA, their employees and officers, acted intentionally or willfully in violation of Ms. Comans' privacy rights.

26. As a result of the Defendants DHS/FEMA's violations of the Privacy Act, Ms. Comans has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities.

**THIRD CAUSE OF ACTION**
**PRIVACY ACT – 5 U.S.C. § 552a(e)(5)**

27. Ms. Comans repeats and realleges the allegations contained in paragraphs 5 through 11 above, inclusive.

28. Defendants DHS/FEMA maintain records within one or more Privacy Act Systems of Records that pertain to Ms. Comans.

29. Defendants DHS/FEMA have failed to maintain Ms. Comans' records with such accuracy, relevance, timeliness and completeness as is reasonably necessary to assure fairness to Ms. Comans, particularly with respect to the unlawful termination of her employment with Defendant FEMA and has violated 5 U.S.C. § 552a(e)(5).

30. Defendants DHS/FEMA, their employees and officers, knew or should have known that that their actions were improper, unlawful and/or in violation of the Privacy Act.

31. Defendants DHS/FEMA, their employees and officers, acted intentionally or willfully in violation of Ms. Comans' privacy rights.

32. As a result of the Defendants DHS/FEMA's violations of the Privacy Act, Ms. Comans has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities.

**FOURTH CAUSE OF ACTION**
**PRIVACY ACT – 5 U.S.C. § 552a(e)(6)**

33. Ms. Comans repeats and realleges the allegations contained in paragraphs 5 through 11 above, inclusive.

34. Defendants DHS/FEMA maintain records within one or more Privacy Act Systems of Records that pertain to Ms. Comans.

35. Prior to disseminating records about Ms. Comans, Defendants DHS/FEMA failed to make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes and thereby violated 5 U.S.C. § 552a(e)(6).

36. Defendants DHS/FEMA, their employees and officers, knew or should have known that their actions were improper, unlawful and/or in violation of the Privacy Act.

37. Defendant DHS/FEMA, their employees and officers, acted intentionally or willfully in violation of Ms. Comans' privacy rights.

38. As a result of the Defendants DHS/FEMA's violations of the Privacy Act, Ms. Comans has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities.

**FIFTH CAUSE OF ACTION**
**DECLARATORY JUDGMENT ACT – 28 U.S.C. §§ 2201 and 2202**

39. Ms. Comans repeats and realleges the allegations contained in paragraphs 5 through 11 above, inclusive.

40. Ms. Comans is entitled to declaratory relief on the basis of all claims identified. There is a substantial and ongoing controversy between Ms. Comans and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that the Defendants did not have authority to terminate her without taking certain steps under the Privacy Act, and most certainly not to disclose the information publicly and falsely.

41. Ms. Comans has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities.

WHEREFORE, Plaintiff Mary Comans requests that the Court award her the following relief:

(1) A declaration that Defendants DHS/FEMA's actions violated 5 U.S.C. §§ 552a(b), (e)(2), (e)(5) and/or (e)(6), and for each provision award monetary damages of not less than $1,000, the specific amount of which is to be determined at an evidentiary hearing;

(2) Award of the costs of this action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and,

(3) grant such other relief as the Court may deem just and proper.

Date: March 4, 2025

Respectfully submitted,

*s/Mark S. Zaid*

Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com
Brad@MarkZaid.com

*s/Norman L. Eisen*

Norman L. Eisen, Esq.
D.C. Bar #435051
Tianna J. Mays, Esq.
D.C. Bar #90005882
State Democracy Defenders Fund
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
Norman@statedemocracydefenders.org
Tianna@statedemocracydefenders.org

Attorneys for Plaintiff