UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY COMANS,<br><br>       Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>       Defendants. | Civil Action No. 25-0624 (ACR) |

**DEFENDANTS' NOTICE REQUESTING A PRE-MOTION CONFERENCE**

Pursuant to Section 7(f) of the Court's Standing Order (ECF No. 9), Defendants the Department of Homeland Security and its component, the Federal Emergency Management Agency, respectfully file this notice regarding Defendants' anticipated motion to dismiss.

## BACKGROUND[1]

Plaintiff Mary Comans is a former Chief Financial Officer for the Federal Emergency Management Agency ('the Agency"). Compl. ¶ 3 (ECF No. 1). On February 11, 2025, Comans received notice from MaryAnn Tierney, a senior official at the Agency, that Comans was being removed from her position. *Id.* ¶ 5. That same day, the Agency issued a press release stating that Comans had been removed "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants." *Id.* Comans brings claims under the Privacy Act, specifically, for unlawful disclosure of protected information, 5 U.S.C. § 552a(b), and failure to properly maintain accurate information in a system of records. 5 U.S.C. § 552a(e). See Compl. ¶¶ 13-41.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal* 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels

---

[1] For purposes of this Notice and their prospective motion to dismiss, Defendants assume the truth of Plaintiff's allegations in her complaint.

and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting *Twombly*, 550 U.S. at 555.). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## DISCUSSION

Defendants anticipate advancing three arguments in support of their motion to dismiss. First, Comans's unlawful disclosure claims fail because she has not plausibly alleged that the information disclosed was in a Privacy Act system of records. Second, Comans's failure to maintain claims fail because Comans cannot collaterally challenge her termination through the Privacy Act. Third, Comans pleads no facts suggesting that she suffered any pecuniary or economic losses because of the Agency's actions which is a condition precedent to any Privacy Act claim.

Comans claims that the Agency's press release announcing her termination was an improper disclosure under the Privacy Act. To state a claim for improper disclosure under the subsection (b) of the Privacy Act, 5 U.S.C. § 552a(b), Comans must allege (1) the information in question is a "record" that is contained within "a system of records;" (2) the agency improperly "disclosed" the information; (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional. *Logan v. Dep't of Veterans Affs.*, 357 F. Supp. 2d 149, 154 (D.D.C. 2004). Crucially, the statute applies only to those records contained in "a system of records," which is "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

Comans claims that the Agency made an unlawful disclosure when it stated in a press release that Comans was removed "for circumventing leadership to unilaterally make egregious

- 2 -

payments for luxury NYC hotels for migrants." Compl. ¶ 5. But Comans advances no allegations that this information was disclosed from a "group of records" that can be retried by an individual's name, identifying number, symbol, or other identifier unique to an individual. See generally, Compl. Because Comans has not alleged that the information disclosed was part of a Privacy Act "system of records," Defendants anticipate arguing that her unlawful disclosure claim is deficient and should be dismissed.

Comans claims that the Agency's failure to accurately maintain Privacy Act records resulted in her termination. Subsection (e) of the Privacy Act, lists "agency requirements" and generally "impos[es] responsibilities on federal agencies to maintain their records accurately." *Bartel v. FAA*, 725 F.2d 1403, 1407 & n.6 (D.C. Cir. 1984). To state a claim under subsection (e), a plaintiff must allege that she has been aggrieved by an adverse determination; (2) the agency failed to maintain her records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records. *Chambers v. Dep't of Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009). Comans's termination is the "adverse determination" that she alleges occurred as a result of the Agency's failure to maintain accurate records. See e.g. Compl. ¶ 20. But Comans cannot use the Privacy Act to challenge her termination because a "'collateral attack on [an] original personnel decision' is an 'impermissible' use of the Privacy Act.'" *Doe v. Dep't of Just.*, 660 F. Supp. 2d 31, 42 (D.D.C. 2009) (*quoting, Kleiman v. Dep't of Energy*, 956 F.2d 335, 339, (D.C. Cir. 1992)); *see also Albright v. United States*, 732 F.2d 181, 190 (D.C. Cir. 1984) ("[T]he Privacy Act was not intended to shield these employees from the vicissitudes of federal personnel management decisions."). Comans may challenge her removal through the Civil Service Reform Act, 5 U.S.C.

§ 1101 et. seq., which provides "comprehensive system for reviewing personnel action taken against federal employees." *United States v. Fausto*, 484 U.S. 439, 443 (1988).

Because a federal personnel action is not an "adverse determination" that can be challenged under the Privacy Act, Defendants anticipate arguing that Comans's claims under subsection (e) should be dismissed. Indeed, Comans admits that she is already contesting her removal before the Merit Systems Protection Board. Compl. ¶ 11. This makes sense because a party who seeks to challenge a personnel action under the Civil Service Reform Act "must first pursue it with the Office of Special Counsel, then with the Merit Systems Protection Board, and finally, on appeal, with the U.S. Court of Appeals for the Federal Circuit." *Ward v. Kennard*, 133 F. Supp. 2d 54, 60 (D.D.C. 2000) (citing 5 U.S.C. §§ 1214, 77033)).

Finally, to plausibly allege an "adverse effect," under subsections (b) or (e) Comans must plausibly allege "actual damages" resulting from the violation, i.e., "actual pecuniary loss, which must be specially pleaded and proved," *FAA v. Cooper*, 566 U.S. 284, 295-96 (2012) (citing 5 U.S.C. § 552a(g)(4)(A)). Under the Privacy Act, a plaintiff is "barred from any recovery" without showing that he or she suffered "special damages for proven pecuniary loss." *Id.* at 298; *see also Stewart v. Kendall*, 578 F. Supp. 3d 18, 23 (D.D.C. 2022). Comans's loss of employment is the only loss that she identifies in the complaint, and as already explained, the Privacy Act cannot be used to contest a federal employment action. Thus, Defendants anticipate arguing that Comans's failure to allege any "actual damages" redressable through a Privacy Act claim warrants an order dismissing her complaint.

\*    \*    \*

- 5 -

## CONCLUSION

For these reasons, Defendants respectfully request that the Court permit them to file a motion to dismiss.

Dated: May 26, 2025
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:     */s/ John J. Bardo*
JOHN J. BARDO, D.C. Bar #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*