**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARY COMANS | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No: 25-00624 |
| | * |
| DEPARTMENT OF HOMELAND | * |
| SECURITY et al. | * |
| | * |
| Defendants. | * |

* * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE**
**REQUESTING A PRE-MOTION CONFERENCE**

Defendants' contemplated Motion to Dismiss Plaintiff Mary Comans' Complaint will not be successful.

## LEGAL STANDARD

In evaluating a motion to dismiss, "[t]he complaint must be construed in the light most favorable to the plaintiff and 'the court must assume the truth of all well-pleaded allegations.'" *Peter B. v. C.I.A.*, 620 F. Supp. 2d 58, 68 (D.D.C. 2009) (*quoting Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004)).  To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (citation omitted).  And "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss [the court] 'presum[es] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992) (citation omitted).

## DISCUSSION

I.   Ms. Comans Has Plausibly Alleged that the Information Disclosed was in a Privacy Act System of Records.

Ms. Comans' name and job title were included in the press release, as were details about the basis for her termination, namely that she was fired for "circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants." *See* ECF No. 1 at 3. This information is kept in Defendants' personnel records, and courts have repeatedly held that an employer's personnel records constitute a "system of records" within the meaning of the Privacy Act. *See, e.g.*, *Howard v. Marsh*, 596 F. Supp. 1107, 1110 (E.D. Mo. 1984), *rev'd on other grounds*, 785 F.2d 645 (8th Cir. 1986) (documents contained in plaintiff's personnel file

1

were "[c]learly… name retrievable and thus … within a 'system of records' maintained by defendant"); *Jackson v. Veterans Admin.*, 503 F. Supp. 653, 655 (N.D. Ill. 1980) ("defendant concedes that the plaintiff's personnel file ('OPF') is such a system of records within the meaning of the Privacy Act"). At the pleading stage, the Complaint is more than sufficient to withstand a motion to dismiss. *See Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (noting that very little is required to survive a motion to dismiss at the initial pleading stage because the precise contents of the records are not known to the plaintiff).

    II.    <u>Ms. Comans Is Not Collaterally Challenging Her Termination Through the Privacy Act.</u>

Ms. Comans is not seeking damages in this case regarding her termination. Rather, Ms. Comans limits her claim here to damages arising from Defendants' publicization of her termination in violation of the Privacy Act. It is undisputed that neither the U.S. Merit Systems Protection Board ("MSPB") nor any other administrative forum has jurisdiction over Privacy Act violations.

Defendants misunderstand and mischaracterize the Complaint, which is not seeking injunctive or equitable relief through the Privacy Act to challenge Ms. Comans' termination. Indeed, the Complaint itself recognizes, for purpose of that type of relief, Ms. Comans' unlawful termination "is separately being challenged before the Merit Systems Protection Board." ECF No. 1 at 1. The Complaint does not seek Ms. Comans' reinstatement in the request for relief in the present case. *Id.* at 10-11.[1]

---

[1] Even if Counts Two, Three and Four *could* be construed as challenging the "subjective judgment" outlined in the press release regarding Ms. Comans' conduct, the Complaint's Prayer for Relief specifically excludes any request for injunctive or equitable relief under the Privacy Act. Defendants' "collateral attack" remarks, *see* ECF No. 10 at 3, are little more than a red herring.

2

"[E]ven where the CSRA precludes review of the [agency's] personnel decisions, a court still retain[s] jurisdiction to award damages for an adverse personnel action actually caused by [a violation of the Privacy Act]. Thus, [a] Privacy Act claim survives CSRA preclusion in this jurisdiction if a plaintiff shows the harm alleged was *actually caused* by the alleged violation." *Peter B. v. C.I.A.*, 620 F. Supp. 2d at 76–77 (citations and internal quotation marks omitted) (emphasis in original); *see also Doe P. v. Goss*, No. 04-2122, 2007 U.S. Dist. LEXIS 2708, at *25, 31 (D.D.C. Jan. 12, 2007) (denying motion to dismiss Privacy Act claim seeking strictly monetary damages tied to adverse determination).

Ms. Comans' Privacy Act claims for monetary relief reflect the quintessential legal claim the courts have permitted due to the clear fact they are not seeking to reverse or override the termination in and of itself. The Complaint plausibly and sufficiently alleged that "Defendants DHS/FEMA unlawfully caused Ms. Comans' employment with Defendant FEMA to be terminated and disseminated false and defamatory information, which had not been independently verified, throughout Defendants FEMA DHS and elsewhere within the federal government, that effectively stigmatized her and caused her employment with Defendant FEMA to be terminated." ECF No. 1 at 7. That intentional failure to accurately maintain records, which were the proximate cause of Ms. Comans' termination and the details of which were unlawfully disseminated by way of the public press release, resulted in actual damages of not less than $1,000.

Nothing about the Supreme Court's recent rulings on Privacy Act damages, *see F.A.A. v. Cooper*, 566 U.S. 284, 295-96 (2012); *Doe v. Chao*, 540 U.S. 614, 620, 627 (2004), undermine the sufficiency of that claim at this early stage. Nowhere within either ruling did the Court preclude a plaintiff from relying upon the termination of employment, in and of itself, as

3

qualifying for actual damages for purpose of the Privacy Act. The lower courts, for their part, have concluded that the termination can serve as the foundation for monetary relief. *See Peter B.*, 620 F. Supp. 2d at 76-77 (monetary claim permitted to continue tied to agency's reliance upon inaccurate information as basis for adverse personnel action); *Doe P.*, 2007 U.S. Dist. LEXIS 2708, at *28 (similar ruling in context of two allegedly retaliatory investigations leading to termination); *compare with Feldman v. CIA*, 797 F. Supp. 2d 29, 45-47 (D.D.C. 2011) (dismissing Privacy Act claims due to evidence in pleadings that reasonable efforts had been made to resolve factual inaccuracies).

    III.    <u>Ms. Comans Pleads Facts Showing the Pecuniary and Economic Losses She Suffered as a Result of Defendants' Violation of the Privacy Act.</u>

Ms. Comans' Complaint clearly alleges that "[a]s a result of the Defendants DHS/FEMA's violations of the Privacy Act, Ms. Comans has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities." ECF No. 1 at 8-10. This Court has held that "[l]oss of an employment opportunity is also a pecuniary harm." *See Hill v. U.S. Dep't of Def.*, 70 F. Supp. 3d 17, 21–22 (D.D.C. 2014) (citation omitted); *see also Makowski v. United States*, 27 F. Supp. 3d 901, 914 (N.D. Ill. 2014) (holding that "[l]oss of economic opportunity is pecuniary harm" under the Privacy Act where plaintiff was unnecessarily incarcerated and alleged that he would have sought employment if not detained). Accordingly, Ms. Comans has sufficiently alleged pecuniary and economic losses stemming from Defendants' violation of the Privacy Act.

4

Date:   June 2, 2025

Respectfully submitted,

*/s/ Taryn Wilgus Null*

| | |
|---|---|
| Norman L. Eisen, Esq. | Bradley P. Moss, Esq. |
| D.C. Bar #435051 | D.C. Bar #9759 |
| Tianna J. Mays, Esq. | Mark S. Zaid, Esq. |
| D.C. Bar #90005882 | D.C. Bar #440532 |
| Taryn Wilgus Null | Mark S. Zaid, P.C. |
| D.C. Bar #985724 | 1250 Connecticut Avenue, N.W. |
| Democracy Defenders Fund | Suite 700 |
| 600 Pennsylvania Avenue SE, No. 15180 | Washington, D.C. 20036 |
| Washington, DC 20003 | (202) 498-0011 |
| (202) 594-9958 | Brad@MarkZaid.com |
| Norman@statedemocracydefenders.org | Mark@MarkZaid.com |
| Tianna@statedemocracydefenders.org | |
| | Attorneys for Plaintiff |

5