UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY COMANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-0624 (ACR) |

## JOINT STATUS REPORT

As proposed in their December 29, 2025 Joint Status Report, ECF No. 17, Plaintiff Mary Comans and Defendants, the Department of Homeland Security ("DHS") and its component the Federal Emergency Management Agency ("FEMA"), respectfully submit this Joint Status Report. The Parties report as follows.

**Defendants' Position**

1. On August 6, 2025, the Parties appeared at a pre motion conference which the Court held after Defendants informed the Court that they intended to file a motion to dismiss. Pre Motion Conference Request (ECF No. 10). During the hearing the Court said that it would not prevent Defendants from filing a motion to dismiss but suggested that Defendants produce Plaintiff's personnel file to determine whether the information that Defendant allegedly disclosed unlawfully is in her personnel file.

2. Defendants provided Plaintiff with her personnel file and her performance evaluations from 2017 to 2024. The Parties also discussed whether there were other systems of records that could have relevant information but determined that there were no other systems.

3.      Plaintiff is correct that her termination is noted in her personnel file, but none of the remaining information in the statement that Plaintiff alleges violated the Privacy Act is contained in the personnel file or the other records that Defendant provided to Plaintiff referenced above.  Defendants intend to demonstrate that by simply disclosing that Plaintiff was terminated and no longer held a position as a federal employee, Defendant did not violate the Privacy Act.

4.      Defendants respectfully propose filing their motion to dismiss by February 17, 2026 with Plaintiff's opposition due by March 19, 2026 and Defendant's reply due by April 2, 2026.  In light of Defendants' planned motion to dismiss, the Court should deny Plaintiff's proposal below, which, however characterized, amounts to a request for discovery while the case is still at the pleadings stage.

**Plaintiff's Position**

5.      Based on informal discussions with Defendants, Plaintiff has identified at least one relevant system of records (*i.e.*, her personnel file) that contains certain information about her termination which was publicly disseminated without her consent or knowledge. Based on that fact alone, which Defendants cannot dispute (particularly because documents were informally provided to Plaintiff as part of this litigation), it would not make any sense to waste time and resources litigating a Motion to Dismiss. The natural next step would be for Plaintiff to pursue discovery to determine whether and how any information concerning her was retrieved from any system of record and provided to FEMA and/or DHS officials, particularly within the Office of Public Affairs ("OPA"). Discovery can be limited and focused and involve written discovery (interrogatories, document requests, and/or requests for admission) and possibly the deposition of OPA officials, including but not limited to Tricia McLaughlin.

6. As an initial step, and in order to minimize the burden on the Parties and Court, as well as to potentially narrow the dispute, Plaintiff is open to allowing Defendants an opportunity to first explain in a sworn declaration the pathway and origins of any press statements or communications (particularly, but not limited to, those identified in her Complaint, ECF No. 1), and the extent to which, if any, the basis for the statements was connected to or retrieved from Defendants' Privacy Act Systems. Of course, Plaintiff reserves the right to seek discovery if this declaration does not fully provide the needed information on the origin of the disclosed statements.

7. Plaintiff respectfully requests a Status Conference to discuss a potential schedule for limited discovery and the other topics referenced above.

Dated: January 16, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/ John J. Bardo_____
JOHN J. BARDO, D.C. BAR #1655534
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*

/s/ Taryn Wilgus Null
Norman L. Eisen, Esq.
D.C. Bar #435051
Tianna J. Mays, Esq.
D.C. Bar #90005882
Taryn Wilgus Null
D.C. Bar #985724
Democracy Defenders Fund
600 Pennsylvania Avenue SE, No. 15180

        Washington, DC 20003
        (202) 594-9958
        Norman@democracydefenders.org
        Tianna@democracydefenders.org
        Taryn@democracydefenders.org

        Bradley P. Moss, Esq.
        D.C. Bar #975905
        Mark S. Zaid, Esq.
        D.C. Bar #440532
        Mark S. Zaid, P.C.
        1250 Connecticut Avenue, N.W.
        Suite 700
        Washington, D.C. 20036
        (202) 498-0011
        Brad@MarkZaid.com
        Mark@MarkZaid.com

        *Attorneys for Plaintiff*