UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY COMANS,

Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY et al.,

Defendants.

Civil Action No. 25-0624 (ACR)

**MOTION TO DISMISS AND**
**MEMORANDUM IN SUPPORT THEREOF**

Defendants the Department of Homeland Security, and its component, the Federal Emergency Management Agency ("FEMA" or "the Agency"), respectfully move to dismiss Plaintiff Mary Comans's complaint. The grounds for this motion are set forth below.

## BACKGROUND

### I.    <u>Allegations in the Complaint.</u>

For purposes of this motion only, Defendants assume the truth of the allegations in the Complaint.

Plaintiff Mary Comans is a former Chief Financial Officer for FEMA, a Senior Executive Service Position. Compl. ¶ 3 (ECF No. 1). On February 11, 2025, Comans received notice from MaryAnn Tierney, a senior official at the Agency, that Comans was being removed from her position. *Id*. ¶ 5. That same day, the Agency issued a press release stating that Comans had been removed "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants." *Id.* Comans brings claims under the Privacy Act, specifically, for unlawful disclosure of protected information, 5 U.S.C. § 552a(b), and failure to properly maintain accurate information in a system of records. 5 U.S.C. § 552a(e). See Compl. ¶¶ 13-41.

### II.    <u>Procedural Background.</u>

Section 7(f) of the Court's Standing Order (ECF No. 9) requires a party seeking to file a dispositive motion to "file a notice setting forth the basis for the anticipated motion, including the legal standards and the claims at issue." Defendants did this on May 24, 2025. See ECF No. 10. The parties appeared before the Court for the pre-motion conference on August 6, 2025. Hearing Tr. (ECF No. 13). At the end of the hearing, the Court concluded that this case would turn on whether the information that Comans claimed was unlawfully disclosed or inadequately maintained was in Comans's personnel file. *Id.* at 10. The Court ordered the parties to "get together and figure out somehow whether this was in [Comans's] personnel file, because I'm not

going to have people wasting a bunch of time, energy, and money briefing motions and having argument if there's a simple answer." *Id.*

On August 22, 2025, Defendants' counsel sent Comans's counsel a copy of her personnel file. Jt. Status Rpt. ¶ 1 (ECF No. 14). The personnel file notes that Comans was terminated from her position as FEMA's Chief Financial Officer but did not contain a reason for the termination. *Id.* Later, Defendants' counsel sent Comans's counsel copies of each of Comans's performance reviews from 2017-2024. Jt. Status Rpt. ¶ 1 (ECF No. 17). The performance reviews did not contain the information that Comans alleges was unlawfully disclosed or inadequately maintained. Jt. Status Rpt. ¶ 2 (ECF No. 18). The parties then discussed whether there were other systems of records that could have relevant information but determined that there were no other systems. *Id.*

The parties appeared for a status hearing on March 24, 2026. Minute Entry. At the end of the hearing, the Court ordered the parties to submit briefing concerning: "(1) whether the disclosure of a termination action against an individual, as opposed to merely whether or not an agency employs her, is a Privacy Act violation; and (2) whether other information that Defendants allegedly disseminated originated from the agencies' system of records."[1] Min. Order, Mar. 24, 2026.

## LEGAL STANDARDS

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal* 556 U.S. at 678. "The

---

[1]    Defendants submit these arguments in the form of a motion to dismiss because that is what the Court's scheduling order contemplated. See Min. Order, Apr. 20, 2026,

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. (quoting Twombly, 550 U.S. at 555.). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

## ARGUMENT

Comans's Privacy Act claims stem from a Department of Homeland Security press release that allegedly stated that Comans had been fired from her position as FEMA Chief Financial Officer "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants." Compl. ¶ 6.

The Court requested briefing on "(1) whether the disclosure of a termination action against an individual, as opposed to merely whether or not an agency employs her, is a Privacy Act violation; and (2) whether other information that Defendants allegedly disseminated originated from the agencies' system of records." Min. Order, Mar. 24, 2026. As further explained below, the answer to both questions is no. Disclosing that an employee has been terminated, standing alone, is not a violation of the Privacy Act and none of Defendants' Privacy Act systems of records contain information regarding the reasons for Comans's termination.

## I.     Disclosing an Employee's Termination Is not a Violation of the Privacy Act.

To state a claim for improper disclosure under the subsection (b) of the Privacy Act, 5 U.S.C. § 552a(b), Comans must allege (1) the information in question is a "record" that is contained within "a system of records;" (2) the agency improperly "disclosed" the information; (3) an adverse impact resulted from the disclosure; and (4) the agency's disclosure was willful or intentional. *Logan v. Dep't of Veterans Affs.,* 357 F. Supp. 2d 149, 154 (D.D.C. 2004). Crucially, the statute applies only to those records contained in "a system of records," which is "a group of

any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5).

Federal personnel regulations make certain information about federal employees available to the public. This includes an employee's name, present and past position titles and occupational series, present and past grades, present and past annual salary rates, present and past duty stations, and position descriptions. 5 C.F.R. § 293.311(a). In other words, an agency's disclosure of "employment status" has been "held to not violate the Privacy Act." *Stuart v. Vilsack,* Civ. A. No. 14-0416, 2016 U.S. Dist. LEXIS 162778, at *24 (E.D. Wash. 2016) (*citing Tennessean Newspaper, Inc. v. Levi*, 403 F. Supp. 1318, 1321 (M.D. Tenn. Nov. 11, 1975)); *Lawyers Comm. For Human Rights v. INS*, 721 F. Supp. 552569 (S.D.N.Y. 1989) (disclosure of State Department employees names not protected).

In disclosing the fact that Comans was terminated, the Agency did not make an unlawful disclosure under the Privacy Act because disclosing someone's employment status is disclosing "whether an employee is still employed or has been terminated." *Ramos v. Dep't of Agric.,* Civ. A. No. 22-20312, 2022 U.S. Dist. LEXIS 109691, at 9 (S.D. Fla. Jun. 21, 2022) (citing, *Stuart,* U.S. Dist. LEXIS 162778, at *25). *Stuart* demonstrates that the press release disclosing that Comans was terminated did not constitute a violation of the Privacy Act. Like Comans, the *Stuart* plaintiff was a former federal employee who alleged that another Department employee had disclosed the fact that the plaintiff was terminated to third parties. See Dkt. *Stuart v. Vilsak*, Civ. A. No. 14-0416 (E.D. Wash), Am. Compl. (ECF No. 24). As the Court explained, "Stuart's Privacy Act claim is premised on allegedly improper disclosures relating to her termination, or stated differently, her employment status." *Stuart*, U.S. Dist. LEXIS 162778 at 25. Like Comans,

- 4 -

the plaintiff had claimed "that because information related to her employment status is kept in Defendant's records, the disclosure of this information violates the Privacy Act." *Id.*  But the Court found that this argument was "not persuasive" because "the disclosure of a person's employment status reveals nothing about their private affairs and is therefore not covered by the Privacy Act." *Id.*.  Although Comans's personnel file states that she was terminated, Jt. Status Rpt. ¶ 1 (ECF No. 14), consistent with *Stuart*, disclosing that Comans was terminated does not violate the privacy because it is tantamount to disclosing her employment status, which, under  5 C.F.R. § 293.311(a), is public information.  *Ramos,* 2022 U.S. Dist. LEXIS 109691, at 9 ("*Stuart*, indicates that employment status is whether an employee is still employed or has been terminated, not necessarily whether an employee is on administrative leave.").

## II.    <u>Information Beyond the Termination did Not Originate from a System of Records.</u>

Other than the fact that Comans was terminated no other information in the press release could be found in a Privacy Act System of Records.  The Privacy Act defines a system of records as a "group of records … from which information is retrieved by the name of the individual…." 5 U.S.C. § 552a(a)(5).  "To be in a system of records, a record must be under the agency's control, and, in practice, retrieved by an individual's name or other personal identifier."  *Bartel v. Federal Aviation Admin.*, 725 F.2d 1403, 1408 n.10 (D.C. Cir. 1984).  The press release announcing Comans's termination allegedly stated that Comans was terminated "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants."  Compl. ¶ 6. This information is not in Comans's personnel file, Jt. Status Rpt. ¶ 1 (ECF No. 14), or in any of her performance reviews.  Jt. Status Rpt. ¶ 1 (ECF No. 17).  No other systems of records would have this information.  *Id.*

Indeed, had Plaintiff or Defendants been able to identify any other systems of records that could conceivably contain the information in the press release, Defendants would have searched

that system.  Consistent with the Court's instruction, Defendants searched all possible systems to prevent the parties from "wasting a bunch of time, energy, and money briefing motions and having argument if there's a simple answer."  Hearing Tr. (ECF No. 13) at 10.   Because such information is not stored in a system of records, there is a simple answer: Comans is left with the allegation that Defendants disclosed that she was terminated, which is not a violation of the Privacy Act.  *See Stuart*, U.S. Dist. LEXIS 162778, at 25.

The fact that Comans was terminated is the only publicly released information that Defendants could conceivably obtain from a Privacy Act System of Records.  As explained in Part I, above, disclosing that Comans was terminated, standing alone, is not a violation of the Privacy Act.  This distinction is crucial.  In *Kassel v. Veterans' Admin.,* 709 F. Supp. 1194, 1200 (D.N.H. 1989), the plaintiff claimed a Privacy Act violation based, in part, on the agency's decision to release his termination letter.  The Court drew a distinction between disclosing the termination letter and simply disclosing that the employee was terminated finding that "[a]lthough the public may have had an interest in knowing that Dr. Kassel was to be discharged, the public had no interest in seeing his letter of termination, which contained detailed allegations of specific shortfalls in his job performance."  *Id.*  Had the information that Comans had been fired "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants" Compl. ¶ 3, been in Comans's personnel file, or some other record that could be accessed through a Privacy Act System of Records, then Comans could conceivably have a claim for unlawful disclosure or failure to maintain adequate records.  But that is not what occurred here, and thus the Court should dismiss Comans's claims.

**CONCLUSION**

For these reasons, Plaintiff's claims should be dismissed.

Dated: April 28, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____*/s/ John J. Bardo*_____
JOHN J. BARDO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 870-6770

*Attorneys for the United States of America*