UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARY COMANS,

       Plaintiff,

    v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

       Defendants.

Civil Action No. 25-0624 (ACR)

**<u>DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants the Department of Homeland Security, and its component the Federal Emergency Management Agency ("FEMA" or "the Agency"), respectfully submit this reply in support of their motion to dismiss.  See ECF No. 21.

As Defendants explained in their opening motion, when a federal agency discloses that an employee has been terminated the agency does not make an unlawful disclosure in violation of the Privacy Act even if the fact that the person was terminated is noted in his or her personnel file. See generally, Def Mot. (ECF No. 21).  Although caselaw on the issue is sparse, the two Courts that have considered the issue have determined that such a disclosure does not violate the Privacy Act.  *See Ramos v. Dep't of Agric.,* Civ. A. No. 22-20312, 2022 U.S. Dist. LEXIS 109691, at *9 (S.D. Fla. Jun. 21, 2022); *Stuart v. Vilsack*, Civ. A. No. 14-0416, 2016 U.S. Dist. LEXIS 162778, at *24 (E.D. Wash. 2016).

The case that Plaintiff relies on to argue otherwise is distinguishable.  In *Minshew v. Donley*, 911 F. Supp. 2d 1043 (D. Nev. 2012), the plaintiff's unlawful disclosure claim was based on the Air Force's disclosure to a third party that the plaintiff had been terminated for cause, specifically performance reasons.  *Id*. at 1068.  Crucially, the disclosure that the plaintiff was

terminated for cause came from the plaintiff's personnel records which were stored in a Privacy Act System of Records.  *Id*. at 1071-72.  In contrast, the Department of Homeland Security's disclosure that Plaintiff Mary Comans had been terminated "for circumventing leadership to unilaterally make egregious payments for luxury NYC hotels for migrants[,]" Compl. ¶ 3 (ECF No. 3), did not originate from a Privacy Act System of Records.  Jt. Status Rpt. ¶ 2 (ECF No. 18).  Comans personnel file simply states that she was terminated.  Jt. Status Rpt. ¶ 1 (ECF No. 14).  In short, *Minshew* is distinguishable because unlike in this case, the agency in *Minshew* disclosed circumstances behind the termination that it pulled from a system of records, i.e. that the termination was "for cause."  Had the agency in *Minshew* simply disclosed that the plaintiff was terminated without further elaboration, the situation would have  been consistent with *Ramos* 2022 U.S. Dist. LEXIS 109691, at *9 and *Stuart*, 2016 U.S. Dist. LEXIS 162778, at *24.

Plaintiff spills considerable ink discussing *Tennessean Newspaper, Inc. v. Levi*, 403 F. Supp. 1318, 1321 (M.D. Tenn. 1975), but even though the court in *Suart*, 2016 U.S. Dist. LEXIS 162778, at *25 cited it, Defendants are not claiming that *Tennessean Newspaper* is dispositive here. *Stuart* rejected the identical argument that Plaintiff advances in this case: that disclosing an employee's termination was an unlawful disclosure under the Privacy Act because information related to her employment status is kept in Defendant's records.  *Id*. at *24-25.  *Stuart* found the argument unpersuasive because "the disclosure of a person's employment status reveals nothing about their private affairs and is therefore not covered by the Privacy Act."  *Id*. at *25.

Likewise, although as Comans notes, Opp'n at 11, *Ramos*, 2022 U.S. Dist. LEXIS 109691, at 9 found that "one's status on administrative leave is related to one's job performance, the disclosure of which would be an unwarranted invasion of personal privacy and would violate the Privacy Act," *Ramo*s did not disagree with *Stuart's* ruling that revealing "whether an employee is

still employed or has been terminated" is not a violation of the Privacy Act. *Ramos*, 2022 U.S. Dist. LEXIS 109691, at 9 (*quoting, Stuart*, 2016 U.S. Dist. LEXIS 162778, at 24).

Finally, discovery would not change the analysis because Comans has already had the opportunity to take informal discovery. The parties worked collaboratively to identify systems of records that may have the information from the press release, Defendants searched those systems, provided records regarding Comans to Comans's counsel, but did not locate any information regarding the reasons for Comans's termination as disclosed in the press release. Jt. Status Rpt. ¶ 2 (ECF No. 18). It is thus undisputed that the information in the press release did not originate from a Privacy Act System of Records. Because the information in the press release did not originate from a Privacy Act System of Records, Comans cannot sustain a claim under the Privacy Act. *See Mullane v. Dep't of Just.*, Civ. A. No. 22-0795 (RBW), 2024 U.S. Dist. LEXIS 120713, at *19 (D.D.C. Jul. 10, 2024) (dismissing Privacy Act claim because, "the email systems in which the hearing transcript and news articles were contained cannot be a system of records within the meaning of the Privacy Act."). If additional systems of records existed, Defendants would have searched them. No requests for production, interrogatories, or depositions will make information appear in a Privacy Act System of Records that the parties have already confirmed is not there.

Although Comans is understandably upset that she was terminated from her position as FEMA's Chief Financial Officer and that the termination was reported in a press release, a claim against the Department and FEMA for violation of the Privacy Act is not an appropriate mechanism to redress Comans's alleged injury. Accordingly, Comans claims should be dismissed.

\*    \*    \*

- 3 -

**CONCLUSION**

For these reasons, and the reasons stated in Defendants' opening motion (ECF No. 21), the

Court should grant Defendants' motion to dismiss.

Dated: May 22, 2026                    Respectfully submitted,
       Washington, DC

                                               JEANINE FERRIS PIRRO
                                               United States Attorney


                                               By: _____ */s/ John J. Bardo* _____
                                               JOHN J. BARDO, D.C. Bar #1655534
                                             Assistant United States Attorney
                                             601 D Street, NW
                                             Washington, DC 20530
                                             (202) 252-0828

                                             *Attorneys for the United States of America*

- 4 -